**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ALUMINUM CRUISER, INC., Respondent.**

**No. 78–1136.**

United States Court of Appeals, Sixth Circuit.

April 18, 1980.

Elliott Moore, Deputy Associate Gen. Counsel, Barbard Gehring, William Stewart, National Labor Relations Board, Washington, D. C., Emil Farkas, Director, Region 9, NLRB, Cincinnati, Ohio, for petitioner.

Edgar A. Zingman, Grover C. Potts, Wyatt, Grafton & Sloss, Louisville, Ky., for respondent.

Before LIVELY, KEITH and BROWN, Circuit Judges.

## PER CURIAM.

This case is before the court upon the application of petitioner National Labor Relations Board, pursuant to Section 10(e) of the National Labor Relations Act for enforcement of its order issued on February 21, 1978 against respondent, Aluminum Cruiser, Inc. Unfair labor practice charges were filed with the Regional Director of the Board on February 11, 1977 by five former employees of the Company and a complaint thereafter issued. In that complaint, it was alleged that the Company's hiring of a new employee on or about January 31, 1977, following an economic strike by employees and a subsequent agreement to preferentially hire all those employees who had been permanently replaced, violated Sections 8(a)(1) and 8(a)(3) of the Act. A hearing was held with respect to the unfair labor practice charges on July 28, 1977 before an Administrative Law Judge (ALJ), who found that the Company violated Sections 8(a)(3) and (1) by failing to offer the vacancy to one of the five qualified strikers before offering the job to an outsider.

The Board issued an order requiring the Company to cease and desist from the unfair labor practices found and from in any other manner interfering with the rights guaranteed employees by Section 7 of the Act. Affirmatively, the Board's order requires the Company to offer one of the remaining five "qualified" strikers reinstatement to the position of Stock Checker or to a substantially equivalent position, and to dismiss the newly employed Stock Checker or any other Stock Checker hired on or after January 15, 1977, if necessary, to make room for such qualified striker. The Board further ordered the Company to make that employee whole for any loss of earnings he may have suffered as a result of the discrimination against him and to post the customary notices.

The issues presented to this court are:

(1) Whether substantial evidence on the record as a whole supports the Board's finding that the Company violated Sections 8(a)(3) and (1) of the Act by failing to offer reinstatement to one of the five strikers on the preferential hiring list when a job for which all of the five strikers were qualified became available; and (2) Whether the Company received a fair and impartial hearing.

## I.

■ It is the opinion of this panel that substantial evidence does not support the Board's conclusion that the Company committed unfair labor practices in refusing to reinstate any of the five strikers to the Stock Checker position. The record indicates that the Board established a "legitimate and substantial business justification"[1] for not reinstating any of the five strikers—namely, that none of the strikers

1. *NLRB v. Fleetwood Trailer Company*, 389 U.S. 375, 88 S.Ct. 543, 19 L.Ed.2d 614 (1967); *NLRB v. Great Dane Trailers*, 388 U.S. 26, 87 S.Ct. 1792, 18 L.Ed.2d 1027 (1967).

were qualified to assume the position of "Stock Clerk-Class A." [2]

And secondly, we are concerned that the Company did not receive a fair and impartial hearing because of the ALJ's conduct during the hearing. While the Board acknowledges that there were "instances in which the ALJ exhibited impatience and made somewhat intemperate observations," it concluded that the ALJ's behavior did not preclude a fair and adequate hearing. We disagree. The ALJ made several inexcusable and injudicious attacks upon Mr. Garcia, the Company's President, one of which was particularly directed to his ethnic background, which could not but taint the entire proceeding.

Accordingly, we are of the opinion that the enforcement of the Board's order against Aluminum Cruiser, Inc. should be and is hereby denied.

---

2. While Hill, the new employee hired during the strike, was hired into the Company at the level of "Stock Checker," he was hired with the intention of filling the classification of "Stock Clerk-Class A" as soon as he became familiar with the Company's stockroom.