JONES & LAUGHLIN STEEL
CORPORATION, Petitioner,

v.

Ray MARSHALL, Secretary of Labor,
and Occupational Safety and Health
Review Commission, Respondents.

Nos. 80–1106, 80–1330.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Nov. 4, 1980.

Decided Nov. 13, 1980.

Anthony J. Steinmeyer, Marleigh Dover
Lang, Appellate Staff, Civ. Div., U. S. Dept.
of Justice, Washington, D. C., for OSHRC.

John C. Unkovic, Richard R. Nelson, II,
Reed, Smith, Shaw & McClay, Pittsburgh,
Pa., for petitioner; James R. Haggerty,
Pittsburgh, Pa., of counsel.

Carin A. Clauss, Sol. of Labor, Benjamin
W. Mintz, Assoc. Solicitor for OSHRC, Al-
len H. Feldman, Counsel for Appellate Liti-
gation, John A. Bryson, Asst. Counsel for
Appellate Litigation, Washington, D. C.,
Marshall Harris, Regional Sol., Philadel-
phia, Pa., Ann D. Nachbar, U. S. Dept. of
Labor, Washington, D. C., for respondents.

Before ADAMS and SLOVITER, Circuit
Judges, and KNOX, District Judge.*

OPINION OF THE COURT

ADAMS, Circuit Judge.

The question in these petitions for review
of citations issued by the Occupational
Safety and Health Review Commission is
whether petitioner Jones & Laughlin Steel
Corporation committed a "repeated" viola-
tion of a safety standard, within the mean-
ing of § 666(a) of the Occupational Safety
and Health Act, 29 U.S.C. § 666(a) (1976).

In March, 1978, Jones & Laughlin was
found to be in violation of a general regula-
tion requiring equipment to be repaired
promptly, because several cranes at its Ali-
quippa Works had worn gears, broken gear
teeth, or were poorly aligned. Two cita-
tions were issued, and each violation was
determined to be "repeated" on the basis of
a single citation previously entered against
Jones & Laughlin regarding the same facili-
ty. The proposed penalty for each "re-
peated" violation was $180.

Jones & Laughlin challenged the two cur-
rent citations, and a hearing was held be-
fore an Administrative Law Judge. The
Administrative Law Judge recognized that

---

* Honorable William W. Knox, United States Dis-
trict Judge for the Western District of Pennsyl-
vania, sitting by designation.

under the law of this Circuit, as expressed in *Bethlehem Steel Corp. v. OSHRC*, 540 F.2d 157 (3d Cir. 1976), Jones & Laughlin had not committed "repeated" violations. In *Bethlehem Steel* we declared that two violations of a safety standard could not form the basis of a citation for a "repeated" violation; rather, we held that several instances indicating a flouting of OSHA standards were necessary to establish a predicate for a finding of repeated violations. The Administrative Law Judge expressly declined to follow the law of this Circuit, and ruled instead on the basis of the Commission's differing interpretation of § 666(a) that had been advanced in *Potlach Corp.*, [1979] OSHD ¶ 23,294 (CCH). *Potlach* held that a violation was "repeated" if the employer had previously been cited for a single substantially similar infraction.

▮ In this appeal the Secretary concedes that *Bethlehem Steel* controls the present case, and that the Administrative Law Judge's finding of a "repeated" violation must therefore be reversed.[1] The standard announced in *Bethlehem Steel* for measuring whether OSHA violations are "repeated" is binding on all tribunals and litigants in the Third Circuit, as well as on federal administrative agencies when they deal with matters within the jurisdiction of this Court. Thus, when assessing the conduct of employers within our purview, the Secretary must adhere to the interpretation of § 666(a) adopted in *Bethlehem Steel*. In such a situation the agency is not free to apply its own view of the statute in contravention of the precedent of this Court. *Allegheny General Hospital v. NLRB*, 608 F.2d 965 (3d Cir. 1979); *Babcock & Wilcox Co. v. OSHRC*, 622 F.2d 1160, 1161 (3d Cir. 1980).

Accordingly, the Commission's determination that petitioner violated the Occupational Safety and Health Act will be affirmed. Pursuant to the agreement of the parties,

the Commission's judgment that these violations are "repeated" is vacated, and the proceedings will be remanded with instructions to reduce the characterization of the violations from "repeated" to "nonserious," and to reduce the penalty from $180 to $90 in each proceeding.

---

1. As the Secretary recognizes, we remain bound by our decision in *Bethlehem Steel* unless that case is overturned by the Court in banc, or until the Supreme Court chooses to resolve the conflicting interpretations of § 666(a) adopted by the Fourth and Ninth Circuits. See *George Hyman Constr. Co. v. OSHRC*, 582 F.2d 834 (4th Cir. 1978); *Todd Shipyards Corp. v. Secretary*, 566 F.2d 1327 (9th Cir. 1977) (rejecting the view of this Court and following an interpretation consistent with the position of OSHRC in *Potlach* ).