**BEVERLY ENTERPRISES, dba Beverly Manor Convalescent Centers, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 82–1817, 83–5013.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1983.

Decided Feb. 10, 1984.

Joseph A. Ritok, Jr., Dykema, Gossett, Spencer, Goodnow & Trigg, Robert L. Duty argued, Detroit, Mich., for petitioner.

Elliott Moore argued, Linda Weisel, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for respondent.

Before LIVELY, Chief Circuit Judge, KRUPANSKY, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This is the second occasion which this court has had to review the within order issued in June 1978 by the respondent National Labor Relations Board. The disputed issue regards the supervisory status of "LPN charge nurses" and a supply clerk employed by petitioner in its nursing home.

■ Previously, upon the original review of the Regional Director's report, this court had encountered "a substantial degree of difficulty in reconciling [certain] ambiguities [therein] . . . and, as a result, in understanding exactly what the Regional Director" meant when he concluded that the LPN charge nurses were not supervisors under the labor laws. *Beverly Enterprises, dba Beverly Manor Convalescent Centers v. N.L.R.B.,* 661 F.2d 1095, 1101 (6th Cir.1981). Because this difficulty originated with the Regional Director, whose recommendation was merely adopted without analysis by the Board, this court remanded the matter to the Board with the specific instruction that the Regional Director clarify the extant uncertainties by making certain factual determinations identified by this court.

Our original opinion stated the Board's responsibilities on the remand thus:

Enforcement of the June 4, 1979, order of the Board is denied. The order is set aside.

It is the order of this court that the captioned cause be remanded to the Board with *specific instructions* that the Regional Director review the record of the proceedings leading to the September 20, 1978, Decision and Direction of Election in order to reconsider inclusion of the LPNs and the supply clerk in the bargaining unit, by making *specific findings* on the following questions . . . :

*Beverly Enterprises, etc. v. N.L.R.B.,* 661 F.2d at 1104–1105 (emphasis supplied).[1]

On receipt of the mandate, the Board did not, however refer the cause to the Regional Director. Instead, upon review of the very record this court had rejected as ambiguous, the Board purported to respond to the questions identified in the mandate. The Board thereupon reaffirmed its original decision and these cross-petitions for review followed.

The court is greatly concerned at the complete disregard displayed by the Board in the treatment of a federal court mandate to a government agency. The Board's activity in this case is even more disturbing in light of *Kitchen Fresh, Inc. v. N.L.R.B.,* 716 F.2d 351 (6th Cir.1983), wherein this circuit recently articulated to the Board the bounds of its statutory authority and discretion relative to directives issued by this court.

In *Kitchen Fresh,* this court had the distasteful task of reminding the Board that, although "the Board is charged with the responsibility of formulating national labor policy, the courts bear the final responsibility for interpreting the labor laws. [T]he Board is bound to apply the law of the circuit in which a case arises." 716 F.2d at 357 n. 12 (citations omitted). *See also Kirkland v. Railroad Retirement Board,* 706 F.2d 99 (2d Cir.1983); *PPG Industries, Inc. v. N.L.R.B.,* 671 F.2d 817, 823 n. 9 (4th Cir.

---

1. Although not relevant to our instant disposition, the issues identified by this court were:

1. Do LPN activities respecting patient care involve independent professional judgment? If not, are LPNs properly included within the bargaining unit?

2. If so, is that independent professional judgment exercised primarily in connection with patient care, not in the interest of his or her employer, *or* is it exercised in the interest of his or her employer?

661 F.2d at 1105. This court then provided further issues to be reached dependent upon the responses to the above questions. *Id.*

1982); *Jones & Laughlin Steel Corp. v. Marshall,* 636 F.2d 32, 33 (3d Cir.1980); *ITT World Communications, Inc. v. F.C.C.,* 635 F.2d 32, 43 (2d Cir.1980); *Ithaca College v. N.L.R.B.,* 623 F.2d 224, 228–229 (2d Cir.), *cert. denied,* 449 U.S. 975, 101 S.Ct. 386, 66 L.Ed.2d 237 (1980); *Babcock & Wilcox Co. v. OSHRC,* 622 F.2d 1160 (3d Cir.1980); *Mary Thompson Hospital, Inc. v. N.L.R.B.,* 621 F.2d 858, 862 (7th Cir.1980); *Allegheny General Hospital v. N.L.R.B.,* 608 F.2d 965, 970 (3d Cir.1979); *City of Cleveland v. F.P.C.,* 561 F.2d 344, 346 (D.C.Cir.1977).

The basic doctrine that, until reversed, the dictates of a Court of Appeals must be adhered to by those subject to the appellate court's jurisdiction applies equally to the precedential rule of *stare decisis* and the policy rule respecting the law of the case. *See Kirkland v. Railroad Retirement Board, supra.* Administrative agencies are no more free to ignore this doctrine than are district courts. *See Id.; City of Cleveland v. F.P.C., supra; Morand Bros. Beverage v. N.L.R.B.,* 204 F.2d 529, 532 (7th Cir.), *cert. denied,* 346 U.S. 909, 74 S.Ct. 241, 98 L.Ed. 407 (1953). *See also F.C.C. v. Pottsville Broadcasting Co.,* 309 U.S. 134, 140, 60 S.Ct. 437, 440, 84 L.Ed. 656 (1940).

Instantly, the Board's indifferent attitude toward the order of this court has resulted in the expenditure of considerable time and cost in a useless second full briefing and oral argument on the petitions. The posture of this case, as well as the relevant record, remains fundamentally unchanged from its status on October 8, 1981, the date this case was remanded. Accordingly, the matter must once again be returned to the Board, subject to exactly the same requirements as existed over two years ago.

To ensure that the Board does not repeat its contumacious response to this court's order, it explains the obvious. The matter is to be remanded to the Regional Director for the entry of additional factual determinations because the Regional Director is most familiar with the factual circumstances of this case and the basis for his recommendation. Thus, because the Regional Director was the source of the ambiguity

which compels this remand, the Director is the appropriate source of the clarification and additional findings which are required to allow resolution of the appellate issue.

It is the order of this court that the captioned cause be remanded to the Board with specific instructions that the Board immediately remand the matter to the Regional Director. The Regional Director shall review the record of the proceedings leading to the September 20, 1978, Decision and Direction of Election and shall order any further proceedings determined necessary to enable the Regional Director to reconsider inclusion of the LPN charge nurses and the supply clerk in the bargaining unit, by making specific findings on the following questions:

1. Do LPN activities concerning patient care involve independent professional judgment? If not, LPNs are properly included within the bargaining unit.

2. If so, is that independent professional judgment exercised in the interest of the LPNs employer?

If it becomes necessary to address the second question and it is concluded that the independent professional judgment of a supervisory character is exercised primarily in connection with patient care, and not in the interest of the employer, then LPNs at Petoskey would be properly included within the bargaining unit. On the contrary, if it is concluded that the exercise of the LPNs' independent professional judgment of a supervisory character is in the interest of the employer, and not merely in the interest of patient care, then, equally clearly, LPNs at Petoskey should not be included in the bargaining unit.

Should the Director, upon reconsideration, determine that LPNs are not to be included in the bargaining unit, the Director is to state, upon review of the hearing transcript, whether the supply clerk is to be included in the bargaining unit because of an alliance and interest with aides and orderlies in the unit alone, or also because of the clerk's daily contact with all nursing personnel at Petoskey. If it is concluded that the supply clerk's inclusion into the bargaining unit is predicated solely on

an alliance and interest with clerks and orderlies in the unit, the Board's original decision should be affirmed. Should the Regional Director conclude that the supply clerk's inclusion in the bargaining unit was also predicated upon daily contact with all nursing personnel at Petoskey, the supply clerk's inclusion in the bargaining unit must be reversed or, at least, reconsidered.

Further, in recognition of the fact that over four years have passed since the Board entered its original defective order, the court expects an expeditious compliance with this mandate by the Regional Director.

Upon its submission, the Regional Director's report, response and recommendation shall, of course, be subject to the normative administrative review procedures. It is the desire of this court that said administrative procedures be accomplished amain.

The action is REMANDED to the National Labor Relations Board for proceedings consistent with the opinion.