SMITH STEEL CASTING COMPANY, Petitioner,

v.

Raymond J. DONOVAN, Secretary of Labor, and Occupational Safety and Health Review Commission, Respondents.

No. 83–4040.

United States Court of Appeals, Fifth Circuit.

March 2, 1984.

---

Vorys, Sater, Seymour & Pease, Robert D. Moran, Washington, D.C., for petitioner.

John A. Bryson, Charles I. Hadden, Dept. of Labor, NDOL, Washington, D.C., for respondents.

Before GEE, TATE and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Smith Steel Casting Company appeals from citations by the Occupational Safety and Health Administration for failure to maintain an adequate respirator program and for permitting foundry workers to be exposed to hazardous levels of silica dust and copper fumes without adequate respiratory protection. Smith Steel challenges both the procedural and substantive validity of the search warrant used by the OSHA inspectors to enter the foundry, and attacks the sufficiency of the evidence supporting the Review Commission decision upholding the citations and requiring engineering controls to protect workers from exposure to silica dust. We remand.

I

Late in 1979, an OSHA safety inspector, conducting a routine inspection of the Smith Steel foundry, noted possible health hazards including the presence of silica dust, copper fumes, hazardous chemicals, and excessive noise. The safety inspector made a referral to the health inspectors at OSHA, who visited the foundry and also observed silica dust, copper fumes, and excessive noise. The first visit to the foundry by the health inspectors was agreed to voluntarily by Smith Steel, but when the health inspectors returned to the foundry to take scientific measurements of the observed hazards they were denied access to the plant.

The OSHA inspector then without the knowledge of Smith Steel obtained an ex parte warrant authorizing entry by OSHA inspectors to determine whether foundry workers were exposed to silica dust, copper fumes, toxic chemicals, and noise. The warrant also authorized compliance officers to investigate any other violations that they observed during their inspection or that were brought to their attention by any foundry employee. Inspection methods authorized by the warrant were to include photography, private questioning of employees, affixing of air and noise testing equipment upon employees, and the examination of records kept by the employer pursuant to the Occupational Safety and Health Act requirements. The foundry was identified by its name and street address. Though the warrant provided that no return of the warrant need be made, it was required to be executed within ten days of issuance.

An OSHA industrial hygenist then executed the warrant, visiting the Smith Steel foundry twice in the next two days, where he tested for silica dust, copper fumes, and noise. No other chemicals were tested for, and the hygenist inspected no records. Personal samplers were attached to several employees to test the air in their working areas.

The safety inspector, in late 1979, had noticed that no respirators were being used in the foundry. When the industrial hygenist first visited, employees were using dust masks that were ineffective to guard against either silica dust or copper fumes. During the hygenist's later visits, employees were using respirators which could be effective against silica dust but did not appear to be of a type effective against copper fumes. The hygenist saw respirators that were damaged or dirty or being improperly used.

As a result of this inspection, Smith Steel was cited for failing to maintain an adequate respirator program, for failing to utilize feasible means of protecting its employ-ees from exposure to silica dust and copper fumes, and for exposing its employees to excessive noise. An administrative law judge found the ex parte warrant invalid, excluded the evidence, and dismissed the citation. The Review Commission held that OSHA regulations authorized ex parte warrants, and returned the case to the ALJ. On remand the ALJ held an evidentiary hearing and affirmed the citations. The ALJ deemed the silica violation "serious" under the OSHA Act, and found that engineering controls to ameliorate it were technologically and economically feasible. The Commission adopted the ALJ's findings.

Smith Steel here disputes all of the material findings below, and renews its attack on the validity of the inspection warrant. While this appeal has been pending, OSHA has withdrawn the citations charging excessive noise and alleging that engineering controls could solve the copper fumes problem. Accordingly, we vacate these citations. The remaining citations allege an inadequate respirator program, exposure to copper fumes, exposure to silica dust, and failure to use engineering controls to reduce silica dust exposure.

## II

■ We agree that the ex parte warrant was invalid, for we held in *Donovan v. Huffines Steel Company,* 645 F.2d 288 (5th Cir.1981), aff'g *Marshall v. Huffhines Steel Company,* 488 F.Supp. 995 (N.D.Tex.1979), that the OSHA regulations in effect during this period did not authorize ex parte procedures to obtain an administrative search warrant.[1] The Secretary of Labor does not here defend the warrant's validity, but urges the inapplicability of an exclusionary rule either because *Huffines* ought not be applied retroactively or because the OSHA inspectors had a good faith belief that the search warrant was valid.

The ALJ's initial decision to suppress the evidence gathered by the OSHA inspectors was grounded in his finding that the ex

---

1. Since the decision in *Huffhines,* the OSHA regulations have been amended to authorize an ex parte warrant procedure. *See* 29 C.F.R. § 1903.4(d).

parte administrative warrant was not authorized by OSHA regulations. In reversing, the Review Commission declined to follow *Huffines.* Relying on its own reading of the OSHA regulations and the Fourth Amendment, it determined that ex parte warrants could be validly issued under the regulations effective when the challenged warrant was issued. This "holding" was directly contrary to *Huffines* and it cannot stand.

In *Huffines,* we held that OSHA regulations then in effect did not authorize the Secretary to seek an ex parte warrant, but we never suggested that ex parte warrants are per se invalid under the Fourth Amendment. Consequently, as the question there and here entailed interpreting the OSHA regulations rather than the Fourth Amendment, the Commission may well have concluded that its special expertise in defining these regulations, an expertise often deferred to by this court, allowed it an interpretive escape from *Huffines. See Secretary of Labor v. Davis Metal Stamping, Inc.,* 10 BNA OSHC 1741 (1982). Regardless, final authority to interpret both these regulations and their underlying statute rests with the courts. In plain language, deference by this court to the Review Commission is discretionary, but deference by the Review Commission to this court is obligatory.

■ In cases arising in other circuits, the Commission may adhere to its interpretation of OSHA regulations. Once, however, a court of appeals has held that ex parte warrants are invalid, the Review Commission may no longer apply its own contrary reading of the regulations to cases arising within that circuit. *See N.L.R.B. v. Gibson Products Co. of Washington Parish, La., Inc.,* 494 F.2d 762, 766 (5th Cir.1974); *Accord, Jones & Laughlin Steel Corp. v. Marshall,* 636 F.2d 32 (3d Cir.1980); *see also, Lopez v. Heckler,* 713 F.2d 1432, 1438 (9th Cir.1983) and cases cited there. A holding by a court of appeals on a legal question is binding on the Review Commission in all cases arising within that circuit until and unless the court of appeals or the Supreme Court overturns that holding, a decision that may be sought by the Secretary in any appropriate case.

As noted, the Secretary here acknowledges that this warrant was invalid because it was issued ex parte. Nevertheless, the Secretary urges us to rule that the evidence was properly admitted in the hearing before the ALJ either because *Huffines* should not be applied retroactively or because our good faith exception to the exclusionary rule, *United States v. Williams,* 622 F.2d 830, 840 (5th Cir.1980) (en banc), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981), is appropriately applied in this case. Smith Steel responds that we should not consider these arguments, because these are not the grounds upon which the admissibility of this evidence was upheld by the Review Commission. Thus, Smith Steel cites to us the Supreme Court's edict in *SEC v. Chenery Corp.,* 318 U.S. 80, 95, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943), that an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself. We agree that we are not free to hypothesize factual findings that must be made initially by the finder of fact, here the Review Commission, or to adopt evidentiary rules for the Commission.

■ The exclusionary rule is not a requirement of the Fourth Amendment, but an evidentiary rule adopted by the courts to preserve the integrity of the judicial process and to deter law enforcement officials from engaging in unlawful conduct. *See, e.g., Stone v. Powell,* 428 U.S. 465, 486, 96 S.Ct. 3037, 3048, 49 L.Ed.2d 1067 (1976); *United States v. Janis,* 428 U.S. 433, 446, 96 S.Ct. 3021, 3028, 49 L.Ed.2d 1046 (1976); *United States v. Calandra,* 414 U.S. 338, 347–48, 94 S.Ct. 613, 619–20, 38 L.Ed.2d 561 (1974). Whether an exclusionary rule is appropriate in administrative actions such as this one is uncertain. *See Todd Shipyards Corp. v. Secretary of Labor,* 586 F.2d 683 (9th Cir. 1978). The Review Commission, however, upon weighing the need to deter OSHA inspectors from violating the Fourth Amendment rights of employers against the

detrimental consequences of suppressing evidence of hazardous or unsafe working conditions, determined that it would apply an exclusionary rule to cases arising before it. *Secretary of Labor v. Sarasota Concrete Co.,* 9 BNA OSHC 1608 (1981). We defer to this policy determination made by the Review Commission and the evidentiary rule it has consequently adopted to govern proceedings before it. *Accord, Donovan v. Sarasota Concrete Co.,* 693 F.2d 1061 (11th Cir.1982).

The Secretary suggests two grounds for admission of the evidence here. First, the Secretary urges that *Huffines* should not be given retroactive effect necessitating the exclusion of evidence seized under ex parte warrants issued before *Huffines* was decided. Second, the Secretary argues for a good faith exception to the exclusionary rule, whereby evidence seized under an invalid warrant would be admissible if the OSHA inspector believed reasonably and in good faith that the warrant was valid. Under either of these rules, the warrant would still be invalid and the employer would have suffered an invasion of his right not to have his premises searched without a valid warrant, but the Review Commission would hold that one particular remedy for this invasion, suppression of the seized evidence, would not be made available to this employer. In this fashion, it may be said that the non-retroactivity rule and the good faith rule have similar philosophical bases, but that the former is governed by chronology while the latter is governed by the objective and subjective good faith of the officer involved. Curiously, the Review Commission has previously employed a non-retroactivity rule, *Secretary of Labor v. Daniel Int'l Corp.,* 8 BNA OSHC 1142 (1980); *Secretary of Labor v. Meadows Industries, Inc.,* 7 BNA OSHC 1709 (1979) (both holding that evidence seized during warrantless inspections conducted before the Supreme Court held such entries invalid in *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), would not be suppressed), but has refused to recognize a good faith exception to the exclusionary rule, *Secretary of Labor v. Sarasota Concrete Co.,* 9 BNA OSHC 1608 (1981), *aff'd,* 693 F.2d 1061 (11th Cir.1982).

■ The decision whether proceedings before the Review Commission shall be governed by either of these exceptions to the exclusionary rule rests with the Commission. We will review the Commission's evidentiary rulings in individual cases only for Fourth Amendment reasonableness and nonarbitrary application. We decline to address further the merits of this appeal until the Commission has first decided what evidence will be considered on application of its own rules respecting exclusion and admission of evidence seized under an invalid warrant.

REMANDED.