925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James E. LANDERS, Defendant-Appellant.
 No. 90-5220.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1991.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James Earl Landers ("Landers") appeals from the district court's January 23, 1990 judgment and commitment order entered pursuant to a guilty verdict for causing possession of dilaudid in violation of 21 U.S.C. Sec. 841(a)(1). For the reasons set forth below, we AFFIRM.
 
 I.
 A.
 
 2
 On January 12, 1988, Sergeant Tommy Burton ("Sergeant Burton"), an officer with the Shelby County Sheriff's Department assigned to the Metro Narcotics Unit, called Raymond Priddy, an employee of Federal Express, about a package containing 3,234 dosage units of dilaudid, with an estimated value of $160,000 to $175,000. Sergeant Burton and his colleague, Detective Jackie Setliff ("Officer Setliff"), went to the Federal Express office and identified the drugs in the package. The air bill indicated that the package originated in Bakersfield, California and was addressed to James Landers, 87 West Person Road, Memphis, Tennessee. Sergeant Burton then obtained a search warrant for that address.
 
 
 3
 Officer Setliff, clad in a Federal Express uniform, drove a Federal Express truck to 87 West Person Road and delivered the package to Emma Landers (Landers' mother), who lived at that address with her mother and her daughter. Landers lived at a different address and was not present when Officer Setliff delivered the package. When Officer Setliff made the delivery, Emma Landers said "Well, here you are." Immediately after delivery of the package, additional officers arrived and searched the premises pursuant to the warrant.
 
 B.
 
 4
 On January 19, 1988, a federal grand jury returned a one count indictment, charging Landers with "unlawfully, knowingly and intentionally caus[ing] to be possessed with intent to distribute approximately 3,234 dosage units of dilaudid" in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Landers was tried before a jury on March 23-24, 1988.
 
 
 5
 At trial, Landers objected to the admission of his mother's statement to Officer Setliff as hearsay. The district court overruled this objection. Officer James Windland, one of the officers who searched Emma Landers' house, also testified about her responses to his questions. According to Officer Windland's testimony, Emma Landers stated that she had received packages for her son on numerous occasions in the past, and that her son had told her to sign for the packages and he would pick them up. Landers' trial counsel failed to object to the introduction of this evidence. In addition, Emma Landers testified at trial that she had received packages in the past for her son; however, she did not remember the nature of the packages, i.e., origin, size, and delivery company.
 
 
 6
 The jury returned a guilty verdict on March 24, 1988. Landers subsequently filed a motion for a new trial on several grounds. Landers also renewed an earlier motion for acquittal.
 
 
 7
 The district court denied Landers' motion for a new trial, but granted the motion for acquittal because, as a matter of law, the evidence was insufficient to convict Landers. In accordance with Fed.R.Crim.P. 29(d), the district court ruled that in the event of reversal of its judgment of acquittal, a new trial should not be ordered. The district court concluded that if it were incorrect as a matter of law, then there would be no ground for granting a new trial because the weight of the evidence would not preponderate against the jury's verdict.
 
 
 8
 The government appealed the judgment of acquittal. On appeal, this court reversed the district court's judgment of acquittal and remanded the case to the district court with instructions to reinstate the guilty verdict. United States v. Landers, No. 89-5035, slip op. at 6 (6th Cir. Oct. 31, 1989) (per curiam). Additionally, this court affirmed the district court's conditional denial of Landers' motion for a new trial. Id.
 
 
 9
 On January 4, 1990, the district court sentenced Landers to a term of imprisonment of 27 months and fined him $44,000. Landers filed a timely notice of appeal on January 30, 1990; the appeal was dismissed on February 28, 1990 for want of prosecution. Landers filed a motion to reinstate his appeal which was reinstated by this court on April 5, 1990.
 
 II.
 
 10
 In the instant appeal, Landers argues: (1) that there was insufficient evidence to support a guilty verdict beyond a reasonable doubt; (2) that the trial court erred in admitting hearsay statements made by Officers Setliff and Windland; and (3) that the trial court erred in its admission of Federal Express business records. This is the second occasion this court has had to review two of the three issues raised. Upon original review, this court reversed the judgment of acquittal, holding that the evidence is sufficient to support the jury's verdict. We also held that the district court did not abuse its discretion in admitting Officers Setliff's and Windland's respective testimony regarding Emma Landers' statements. Moreover, we held that the district court properly determined that the jury's verdict was not against the manifest weight of the evidence. The holdings rendered in the original review now constitute the "law of the case."
 
 
 11
 The law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). As a general rule, the dictates of a Court of Appeals must be adhered to by those subject to the appellate court's jurisdiction until such dictates are reversed. See Beverly Enterprises v. N.L.R.B., 727 F.2d 591, 593 (6th Cir.1984). "This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.' " Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 816 (1988) (citation omitted). Unless one of the following three exceptional circumstances exists, the law of the case doctrine precludes our reconsideration of the previously decided issues: (1) the evidence in a subsequent trial was substantially different; (2) controlling authority has since made a contrary decision of law applicable to such issues; or (3) the holding is clearly erroneous and would result in substantial injustice. Coal Resources, Inc. v. Gulf & Western Industries, Inc., 865 F.2d 761, 767 (6th Cir.1989). See also Arizona v. California, 460 U.S. at 618 n. 8 (court may depart from prior holding where such holding is clearly erroneous and would result in manifest injustice).
 
 
 12
 The instant case comports with the model of "ordinary litigation" for which application of the law of the case doctrine was anticipated. Id. at 618-19 ("[L]aw of the case doctrine was understandably crafted with the course of ordinary litigation in mind. Such litigation proceeds through preliminary stages, generally matures at trial, and produces a judgment, to which, after appeal, the binding finality of res judicata and collateral estoppel will attach."). Landers has already had a full and fair opportunity to litigate the sufficiency of evidence to support a guilty verdict and the admission of Officers Setliff's and Windland's testimony. As the instant case does not present any of the exceptional circumstances which would permit us to review these issues again, we decline to do so.
 
 
 13
 We next turn to the admission of Federal Express delivery records, an issue presented for review for the first time. Landers argues that the district court erred in allowing Lynn Bianchi, a senior clerk of Federal Express, to testify without proper foundation about Federal Express delivery records proffered by the government. Landers contends that the district court failed to make a proper determination of Bianchi's qualification as custodian of records for Federal Express. In addition, Landers maintains that the district court's failure to make a determination of the delivery records' relevance was erroneous. Landers' arguments are unpersuasive.
 
 
 14
 The decision to admit or exclude evidence rests within the district court's sound discretion. United States v. Ramirez, 871 F.2d 582, 584 (6th Cir.), cert. denied, 110 S.Ct. 127 (1989). In the absence of a clear abuse of discretion, such decisions should not be reversed. Id. Business records are properly admitted under the business records exception to the hearsay rule, Fed.R.Evid. 803(6), if they satisfy four requirements: (1) they must have been made in the course of regularly conducted business activities; (2) they must have been kept in the regular course of business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge. Redken Laboratories, Inc. v. Levin, 843 F.2d 226, 229 (6th Cir.), cert. denied, 488 U.S. 852 (1988); see also Bridger v. Union Ry., 355 F.2d 382, 392 (6th Cir.1966) ("We need only require that the report be made in the normal course of business and that the person who offers it be in a position to attest to its authenticity.").
 
 
 15
 Rule 803(6) allows records of regularly conducted business to be admitted through the testimony of the "custodian or other qualified witness." Fed.R.Evid. 803(6). "When a witness is used to lay the foundation for admitting records under Rule 803(6), all that is required is that the witness be familiar with the record keeping system." United States v. Hathaway, 798 F.2d 902, 906 (6th Cir.1986). The authenticating witness need not "have control over or a personal knowledge of the evidence contained in the record at issue." Id. (citing United States v. Reese, 568 F.2d 1246, 1252 (6th Cir.1977)). After careful consideration of the record, we hold that the district court did not abuse its discretion in admitting the testimony of Lynn Bianchi and the Federal Express delivery records.
 
 
 16
 Bianchi testified that she had been designated by Federal Express as the custodian of the proffered business records and that, in that capacity, she had produced the delivery records pursuant to a subpoena. Joint Appendix at 112-13, 119 (trial transcript of Lynn Bianchi's testimony). Bianchi further testified that the records were made and kept in the usual course of business conducted by Federal Express. Bianchi's testimony is sufficient to lay a proper foundation for her qualification as a custodian of records and for the admissibility of the delivery records under the business records exception to the hearsay rule. The admission of the delivery records was proper because they satisfy Redken's four-part test. Redken Laboratories, Inc., 843 F.2d at 229. That the delivery records show only the names of the persons who signed for the packages and the address where the packages were delivered does not bar the records' admissibility under Rule 806(3). Inclusion of the person to whom the packages were addressed is not a prerequisite for admissibility under the business records exception to the hearsay rule. We therefore hold that the district court did not abuse its discretion in its evidentiary ruling.
 
 
 17
 Landers also argues that the district court erred in failing to make a determination of whether the delivery records were relevant. Landers objected to the admission of the records on the grounds that a proper foundation had not been laid. Joint Appendix at 113. Landers did not object to the admission of the delivery records on the grounds of relevance. We will therefore review the district court's failure to make a finding of relevance under the plain error doctrine. Fed.R.Crim.P. 52(b).
 
 
 18
 When a defendant fails to object to the admission of evidence at trial, the issue is not reviewable by the appellate court unless the admission was plain error. United States v. Marino, 658 F.2d 1120, 1124 (6th Cir.1981) (finding that because the admission of the documents was not plain error, the issue is not reviewable on appeal."). "The 'plain error' rule ... applies to a case, such as this, in which a party objects to the submission of evidence on specific grounds in the trial court, but on appeal the party asserts new grounds challenging the evidence." United States v. Evans, 883 F.2d 496, 499 (6th Cir.1989). Plain errors are errors "so rank that they should have been apparent to the trial judge without objection, or that strike at fundamental fairness, honesty or public reputation of the trial." United States v. Causey, 834 F.2d 1277, 1281 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988).
 
 
 19
 The delivery records entered into evidence designated the date and time of nine deliveries to Emma Landers' address and the identity of the persons who signed for the deliveries. While the probative value of these records is limited because they do not indicate to whom the packages were addressed, we conclude that the district court's failure to make a determination of the documents' relevance was not so rank as to constitute plain error.
 
 III.
 
 20
 For the foregoing reasons, we AFFIRM the January 23, 1990 judgment and commitment order entered by the Honorable Jerome Turner, United States District Judge for the Western District of Tennessee.