**MANOR WEST, INC., Petitioner/Cross–Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent/Cross–Petitioner.**

Nos. 93–5788, 93–5946.

United States Court of Appeals, Sixth Circuit.

Argued June 8, 1995.

Decided July 28, 1995.

Kevin T. Lyden, David H. Shaffer (briefed), Roger W. Strassburg, Jr. (argued), Joondeph & Shaffer, Akron, OH, for Manor West, Inc.

William R. Stewart, N.L.R.B., Office of Gen. Counsel, Washington, DC, Nancy Butler, Frederick Calatrello, Director, N.L.R.B., Region 8, Cleveland, OH, Aileen A. Armstrong, Assoc. Gen. Counsel, Frederick C. Havard (argued and briefed), Nancy J. Gottfried, N.L.R.B., Appellate Court Branch, Washington, DC, for N.L.R.B.

Before: MARTIN and SILER, Circuit Judges; JOINER, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge.

Manor West, Inc., petitions this Court for review of a final order of the National Labor Relations Board. Claiming that substantial evidence does not support the Board's ruling that licensed practical nurses at Manor West were not "supervisors" within the meaning of Section 2(11) of the Act, 29 U.S.C. § 152(11), it asks this Court to review and vacate that order. It also contends that because the administrative law judge committed various procedural and evidentiary errors and wrongly denied Manor West's recusal motion, reversal is appropriate on those grounds as well. For the following reasons, we reverse the Board's decision and order.

## I.

Manor West operates a ninety-eight bed nursing facility in Austintown, Ohio. In May 1991, Manor West's Nursing Director, Sue Helterbran, met with the licensed practical nurses employed there to discuss their wage related dissatisfaction. On June 3, Helterbran held another meeting, at which Sandra Cullinan, one of the licensed practical nurses employed by Manor West, served as the spokesperson for that group. On June 18, after hearing rumors that Cullinan encouraged aides to stage a walk-out to protest working conditions, Helterbran fired her.

On November 27, 1991, Cullinan filed an unfair labor practice charge with the National Labor Relations Board, claiming that she was discharged for engaging in protected activities. Her charge prompted the Board to issue a complaint against Manor West on January 27, 1992, alleging that Manor West fired Cullinan in violation of Sections 8(a)(1) and (3) of the National Labor Relations Act. 29 U.S.C. §§ 158(a)(1) and (3). While Manor West admitted that it fired Cullinan because it felt she was prompting a work stoppage, it claimed that Cullinan and other licensed practical nurses were "supervisors," and therefore had no rights under the National Labor Relations Act.

A hearing was held before an administrative law judge on June 22 and 23. After the hearing, the judge allowed the record to remain open to permit a search of Manor West's files for other documents relevant to the "supervisor" issue. As a result, some additional documents were admitted into the record. On August 12, Manor West filed a motion requesting that the administrative law judge recuse himself from the case, an issue we need not address here.

In his October 23 decision, the administrative law judge found that Manor West committed the unfair labor practices alleged, concluding that Cullinan and other licensed practical nurses were not "supervisors" within the meaning of Section 2(11), and, therefore, that Cullinan's discharge was in violation of the National Labor Relations Act. The judge observed that Cullinan's supervision "was more a matter of observation and common sense than responsibly exercised independent judgment." Thus, the judge ordered Manor West to cease and desist from the cited unfair labor practices and to offer reinstatement to Cullinan with full back pay. In addition, the judge overruled Manor West's recusal motion as "untimely" and "insubstantial as a matter of fact and law."

On December 14, Manor West filed exceptions to the judge's decision with the National Labor Relations Board. On May 28, 1993, the Board issued its decision and order,

---

[*] The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.

adopting the judge's rulings, findings, and conclusions in all relevant respects. Although the Board determined that Manor West's recusal motion was without merit, it found that the motion had been timely. Manor West then petitioned this Court for review of that decision, and the Board filed a cross-application for enforcement of its order.

We held these matters in abeyance, pending the Supreme Court's decision in *NLRB v. Health Care & Retirement Corp. of America*, — U.S. ——, 114 S.Ct. 1778, 128 L.Ed.2d 586 (1994), concerning the propriety of the Board's test for determining supervisory status under Section 2(11) of the National Labor Relations Act. 29 U.S.C. § 152(11). After the Supreme Court issued its decision in *Health Care & Retirement Corp.*, a case that had arisen in this Circuit, the Board moved to remand this case to it for reconsideration in light of that opinion. We denied the motion, "without prejudice to the Board's right to seek ... a remand before the panel assigned to hear these appeals on the merits."

## II.

Manor West now argues that remand is not required, and we agree, as all of the facts necessary to decide the supervisor issue were developed before the administrative law judge. Manor West also claims that the Supreme Court's decision in *Health Care & Retirement Corp.*, — U.S. ——, 114 S.Ct. 1778, 128 L.Ed.2d 586, did not alter the law of this Circuit, and thus, reconsideration by the Board would be a wasted endeavor. Moreover, Manor West argues that the appeal presents other issues, independent of the question of Cullinan's supervisory status, that require a denial of enforcement. The Board, in turn, again seeks to remand this case to the Board for reconsideration in light of *Health Care & Retirement Corp.*, — U.S. ——, 114 S.Ct. 1778, 128 L.Ed.2d 586.

As we see the status of this case, our first step requires a determination of whether or not the licensed practical nurses were "supervisors" under the National Labor Relations Act. Section 2(11) of the National Labor Relations Act defines "supervisor" as:

Any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11). Thus, an employee is considered a "supervisor" for purposes of Section 2(11) if that employee undertakes "**any one** of the enumerated job tasks," provided that the authority requires the use of independent judgment and is exercised in the employer's interest. *Health Care and Retirement Corp. of America v. NLRB*, 987 F.2d 1256, 1261 (6th Cir.1993) (emphasis in original) (citation omitted). An employee's status—as a "supervisor" or a "non-supervisor"—is critical, because the National Labor Relations Act permits only non-supervisory employees to organize and engage in collective bargaining free from employer interference. 29 U.S.C. §§ 152(3) and 157.

Manor West argues that substantial evidence does not support the administrative law judge's finding that licensed practical nurses at Manor West were not "supervisors," *NLRB v. Beacon Light Christian Nursing Home*, 825 F.2d 1076, 1078 (6th Cir.1987), and thus, that the Board's order should not be enforced. In support of this contention, they cite the findings our Court made in *Health Care & Retirement Corp. of America*, 987 F.2d at 1261. The conclusion and analysis we used was adopted by the Supreme Court. In further support, Manor West argues that the nurses' authority to direct the care of patients constitutes responsible direction in the employer's interest under Section 2(11). *E.g., Beverly California Corp. v. NLRB*, 970 F.2d 1548, 1552–53 (6th Cir.1992). Moreover, it asserts that their judgment is not "merely routine" in nature. *Id.* at 1553. In addition, Manor West claims that the nurses were "supervisors" by virtue of their disciplinary authority, notwithstanding their rare exercise of that authority. *Id.* at 1550 n.3. Also, Manor West emphasizes that licensed practical nurses were responsi-

ble for evaluating the performance of aides, a lower level of employee in the nursing home. It contends that the fact that more than one licensed practical nurse evaluated an aide did not render the evaluations meaningless; rather, the evaluations constituted "recommending actions" within the meaning of Section 2(11). Finally, Manor West argues that the judge improperly excluded documentary evidence showing supervisory aspects of the nurses' jobs and discounted Manor West's analysis of the supervisor-employee ratio at the facility.

The Board counters that in *Health Care & Retirement Corp.,* —— U.S. ——, 114 S.Ct. 1778, 128 L.Ed.2d 586, the Supreme Court held that the test for assessing the status of licensed practical nurses that the National Labor Relations Board employed in this case was inconsistent with the National Labor Relations Act. Here, although the Board found that the licensed practical nurses had authority to direct the work of aides and orderlies, that authority was in the interest of patient care, without attendant responsibilities in the employer's interest, and thus did not constitute supervisory authority. The Supreme Court found that this test was inconsistent with the National Labor Relations Act, to the extent that it rested upon a dichotomy between authority exercised in the interest of patient care and authority exercised in the interest of the employer. *Health Care & Retirement Corp.,* —— U.S. at ——, 114 S.Ct. at 1782. Rather, patient care is a nursing home's business and attending to patient needs is in the employer's interest. *Id.* at ——, 114 S.Ct. at 1783.

■ Although the Supreme Court's decision in *Health Care & Retirement Corp.* did not alter the law of this Circuit, it did clarify the appropriate test for determining a nurse's "supervisor" status, recognizing that the Board "has created a false dichotomy ... between acts taken in connection with patient care and acts taken in the interest of the employer." *Id.* at ——, 114 S.Ct. at 1782. Because the administrative law judge based his decision upon this "false dichotomy," that decision was wrong at the time it was made, *e.g., Beverly California Corp.,* 970 F.2d at 1553, and it is still wrong in light of *Health Care & Retirement Corp.,* —— U.S. ——, 114 S.Ct. 1778, 128 L.Ed.2d 586. In this case, the Board simply chose not to follow the law of this Circuit when determining whether Cullinan was a "supervisor" within the meaning of the National Labor Relations Act. The courts "bear the final responsibility for interpreting the labor laws." *Beverly California Corp.,* 970 F.2d at 1555 (quoting *Beverly Enters. v. NLRB,* 727 F.2d 591, 592 (6th Cir.1984)). Further, because the facts are sufficiently developed to enable this Court to make a determination of Cullinan's "supervisor" status, remand to the National Labor Relations Board is not necessary and would only prolong these proceedings and increase the cost to all parties. We find that in view of the factual record developed before the administrative law judge, substantial evidence does not support the Board's conclusion that Cullinan was not a "supervisor." With this finding, there is no basis to enforce.

Manor West also argues that the judge committed various procedural and evidentiary errors during the course of the hearing. However, in light of our decision to vacate the Board's decision and order, we need not address those contentions. Similarly, we need not address Manor West's argument that the administrative law judge's failure to disqualify himself from the case deprived it of a fair and impartial hearing and requires reversal of the Board's order. *NLRB v. Aluminum Cruiser, Inc.,* 620 F.2d 116 (6th Cir.1980).

Accordingly, we reverse the decision and order of the National Labor Relations Board.