UNITED STATES of America,
Plaintiff–Appellee,

v.

William K. TINCHER (89–3012), John L. Tincher (89–3015), and James E. Acord (89–3018), Defendants–Appellants.

Nos. 89–3012, 89–3015, 89–3018.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 12, 1989.

Decided July 3, 1990.

As Amended on Denial of Rehearing
Aug. 13, 1990.

Dale E. Williams, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Columbus, Ohio, for plaintiff-appellee.

Kevin P. Durkin (argued), Columbus, Ohio, for defendants-appellants.

Before JONES and MILBURN, Circuit Judges; and HIGGINS, District Judge.*

NATHANIEL R. JONES, Circuit Judge.

The Defendants, John and William Tincher and James E. Acord, appeal their convictions and sentences for conspiracy to pass and passing of counterfeit United States obligations in violation of 18 U.S.C. §§ 371, 472 and 474 (1988). For the reasons which follow, we reverse and remand to the district court.

## I.

On July 22, 1988, John Tincher purchased food and cigarettes with a counterfeit fifty dollar bill ($50) at a Kroger food store in Columbus, Ohio. The clerk recognized the bill as counterfeit, informed the manager and followed John Tincher out to the parking lot. He then saw John and William Tincher exchange words and walk together until John spotted the clerk. They then separated and John ran towards a Sister's Chicken restaurant while William entered a McDonald's restaurant.

Clinton Township police officers Robert Jackson and L.S. Dishman were dispatched to the scene as a result of a telephone call from Kroger's management. They were given descriptions of John and William Tincher. Sergeant Dishman met with the cashier and took him into his cruiser to search the shopping center. They found John in the Sister's Chicken restaurant. Upon an identification by the cashier, John Tincher was arrested and searched. A roll of counterfeit bills was found in his pocket composed of six twenties, six fifties and six one hundred dollar bills. John Tincher claimed he had found the notes and did not know they were counterfeit. Upon finding William Tincher in McDonald's, Officer Jackson placed him in the police cruiser. Officer Jackson subsequently arrested William when John was found in possession of the counterfeit notes.

James Acord was identified by witnesses as having been in the company of John Tincher. Acord was also identified as having attempted to pass counterfeit notes. He too was arrested. All three men were taken to the Clinton Township police department. Within an hour of their arrest, Secret Service Agents Montgomery and Campbell arrived and began questioning the defendants.

On August 11, 1988, a federal grand jury convened in the Southern District of Ohio and returned an indictment charging defendant John L. Tincher with three felony counts including: 1) conspiracy to pass and utter obligations of the United States in violation of 18 U.S.C. § 371; 2) passing and uttering a counterfeit obligation of the United States in violation of 18 U.S.C. § 472; and 3) possessing counterfeit federal reserve notes in violation of 18 U.S.C. § 474. Defendants William K. Tincher and James Acord were jointly charged with the conspiracy count and each was also charged with a substantive violation of passing a counterfeit United States obligation.

On September 2, 1988, defendant John Tincher filed pretrial motions to suppress physical evidence seized from his person at the time of the arrest, and for severance of his trial from his co-defendants. Defendant William Tincher filed motions to suppress his statements made while in custody and to sever his trial from his co-defendants. On September 12, 1988, defendant James Acord also filed motions to suppress his statements made while in custody and to sever his trial from his co-defendants. The trial court held an evidentiary hearing on the motion to suppress. Following testimony given on September 22, 23 and 26, 1988, the trial court denied the motions to

* The Honorable Thomas A. Higgins, United States District Court for the Middle District of Tennessee, sitting by designation.

suppress. The motions for severance were also denied.

The case proceeded to trial on September 26, 1988. At trial, defendants requested disclosure of any relevant information and documents in possession of the Government, in accordance with Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3500 (Jencks Act) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Government denied that any *Brady* or Jencks Act material existed. After a three day trial, the jury found that John Tincher guilty of conspiracy, possession and uttering of a counterfeit obligation; William Tincher was found guilty of conspiracy and acquitted on the possession and uttering counts; and James Acord was convicted of conspiracy and uttering a counterfeit obligation.

On December 28, 1988, the defendants were sentenced as follows: John Tincher, 36 months on conspiracy and 36 months on uttering and possession, to run consecutively; William Tincher, 24 months on conspiracy, James Acord 12 months on the conspiracy and 12 months on uttering, to run concurrently.

## II.

The defendants raise a number of issues on appeal, including lack of probable cause to arrest, improper *Miranda* warnings and absence of waiver, denial of separate trials and improper sentencing. They also claim that their right to a fair trial was violated by prosecutorial misconduct because the Government improperly withheld exculpatory and Jencks Act material from the defendants. Because deliberate withholding of Jencks Act and *Brady* material on the part of the Government is egregious conduct requiring reversal, we do not here address the other issues raised by the defendants.

The defendants state that the grand jury testimony of Agent Gregory Campbell was improperly withheld, and that the Government refused to supply the defendants with either a copy of the statement or to deny that Campbell testified before the grand jury in violation of the Jencks Act, 18 U.S.C. § 3500 (1982). 18 U.S.C. § 3500(b) provides in pertinent part:

> [A]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness testified.

The usual procedure is that upon reviewing the testimony *in camera*, the trial court makes a determination of whether the testimony relates to the witness' testimony on direct examination and is therefore discoverable. In the instant case, the grand jury testimony is not part of the record of the district court, nor is there an indication that the trial court reviewed grand jury testimony *in camera*.

At oral argument before this court, the Government admitted that Agent Campbell has testified before the grand jury. The Government also admitted that the U.S. Attorney who tried the case for the Government was present during Campbell's testimony, and that Campbell's testimony was withheld from the defendants and the trial court. The record shows that counsel for Defendant Acord requested production of any Jencks Act or *Brady* material not previously provided to defense counsel, and that the Government responded that it did not know of any additional material. J.App. at 165. This court cannot view this statement to the district court as anything but deliberate misrepresentation.

We review a trial court's rulings on Jencks Act issues for abuse of discretion. *United States v. Azad*, 809 F.2d 291, 294 (6th Cir.1986). However, because the Government's prosecutorial misconduct has precluded review of Agent Campbell's testimony by the district court, we reverse the convictions of the defendants and remand this case to the district court for review of the grand jury testimony.

## III.

For the foregoing reasons, the judgment of the district court is REVERSED and this

case is REMANDED for consideration of the grand jury testimony in question.