943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NITED STATES of America, Plaintiff-Appellee,
v.
John TINCHER, William Tincher, James Acord, Defendants-Appellants.
 Nos. 90-4063, 90-4107, 90-4108 and 90-4109.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1991.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and TODD, District Judge*.
 PER CURIAM.
 
 
 1
 This is an appeal from the district court's decision following remand by this court. The original appeal consolidated the appeals of William K. Tincher, John L. Tincher and James E. Acord from the judgments of conviction and sentence for passing and altering counterfeit obligations of the United States (18 U.S.C. § 472), and conspiracy to pass and utter counterfeit obligations of the United States (18 U.S.C. § 371). The facts relevant to the underlying appeal are set forth in our prior opinion. See United States v. Tincher, 907 F.2d 600 (6th Cir.1990) ("Tincher I ").
 
 I.
 
 2
 In the original appeal defendants raised a number of issues including lack of probable cause to arrest, improper Miranda warnings[1] and absence of waiver, denial of separate trials, and improper sentencing. Defendants also claimed that their right to a fair trial was violated by prosecutorial misconduct because the government improperly withheld exculpatory and Jencks Act[2] material from the defendants. The Tincher I panel considered only the final issue, and reversed the judgment of the district court based on the failure of the government to provide defense counsel with the grand jury testimony of Secret Service Agent Gregory Campbell for use in cross-examination of that witness at trial. The case was remanded to the district court for review of the grand jury testimony.
 
 
 3
 Thereafter, the government filed a petition for rehearing under Federal Rules of Appellate Procedure 40. Attached was an affidavit executed by the government's former trial counsel. This court denied the petition for rehearing finding that no issue of law or fact had been overlooked or misapprehended.
 
 
 4
 On remand the district court scheduled a Goldberg hearing,[3] and instructed that counsel could address, inter alia, any reasons why the grand jury testimony was not disclosed during trial. Defendants objected to the scope of the inquiry on the ground that the appellate mandate limited issues upon remand to the question of whether the grand jury testimony was, in fact, a statement subject to 18 U.S.C. § 3500(b). That objection was overruled. The district court concluded that the government's failure to produce the grand jury testimony in the course of the trial was the result of mistake and inadvertence, that such failure was "clearly harmless," and that a new trial was unwarranted. It therefore entered a new final judgment of conviction. See United States v. Tincher, 749 F.Supp. 1494 (S.D.Ohio 1990). This appeal followed.
 
 II.
 
 5
 Defendants contend that the district court's analysis of the Jencks Act issue using the harmless error doctrine is inappropriate. They argue that once the district court determined that the grand jury testimony constituted a statement for Jencks Act purposes, the district court was mandated by the Court to enter judgments of acquittal for all three defendants.
 
 
 6
 It is well established that "when a case has been remanded, the trial court must upon the remand proceed in accordance with the mandate and law of the case as established by the appellate court." Petition of United States Steel Corp., 479 F.2d 489, 493 (6th Cir) (citing Ex parte Sibbald v. United States, 12 Pet. (37 U.S.) 488, 9 L.Ed. 1167 (1838)), cert. denied, 414 U.S. 859 (1973). See also Beverly Enterprises v. NLRB, 727 F.2d 591, 593 (6th Cir.1984). See generally, 1B J. Moore, Moore's Federal Practice p 0.404 (2d ed. 1990 & Supp.1991). Although the doctrine is not an inexorable command, there must be some cogent reason to show the prior ruling is no longer applicable. Petition, 479 F.2d at 494. Absent a change in statutes or decisional law of the Supreme Court between the first and second appeal, a mandate to the district court and accompanying opinion constitute the law of the case, and this court will not review the correctness of the prior decision. Hawkes v. Internal Revenue Service, 507 F.2d 481, 482 n. 1 (6th Cir.1974).
 
 
 7
 The mandate in this case was specific and unequivocal. The Tincher I court found that the government made deliberate misrepresentations to the trial court, reversed the defendants' convictions, and remanded the case for consideration of the grand jury testimony of Secret Service Agent Gregory Campbell. The district court therefore improperly considered on remand whether the government's failure to deliver the Jencks material at trial was due to neglect or inadvertence.
 
 
 8
 Furthermore, after the district court found that a Jencks Act violation had occurred, it did not have the authority to hold that the violation was harmless error. Under 18 U.S.C. § 3500(d)[4] once the government elects not to disclose Jencks material in its possession, the court must either strike the entire testimony of the government witness, or in the court's discretion, grant a new trial. United States v. Pope, 574 F.2d 320, 325 (6th Cir.), cert. denied, 436 U.S. 929 (1978) (defining the term "elects" in subsection (d) as referring to "a conscious choice given the government to disclose the statement it possesses or to suffer the mandatory alternatives of either having the entire testimony of the witness stricken or in the court's discretion, a new trial ordered").
 
 
 9
 Because it is not possible to declare a mistrial at this stage of the proceedings, upon further remand the district court is directed to strike Agent Campbell's testimony. The district court is then instructed to determine whether there is sufficient evidence in the record, absent Campbell's testimony, to uphold defendants' convictions. If so, new final judgments of conviction must be entered. If not, the district court is directed to enter a judgments of acquittal as to all three defendants.
 
 
 10
 Given this disposition, we need not address defendant's remaining issues on appeal. Accordingly, the district court's judgments of conviction are VACATED and the matter REMANDED for further proceedings consistent with this opinion.
 
 
 11
 TODD, District Judge, dissenting.
 
 
 12
 First, I disagree with the majority's conclusion that the "mandate in this case was specific and unequivocal." The district court interpreted the mandate ("this case is remanded for consideration of the grand jury testimony in question") to require a determination of the reasons for the withholding of the grand jury testimony, whether the withheld testimony constituted a statement within the meaning of the Jencks Act, and whether defendants were prejudiced by the withholding of the testimony. The language of the mandate was general enough to permit that interpretation.
 
 
 13
 Additionally, I disagree with the conclusion that a district court has no authority to hold that an intentional violation of the Jencks Act was harmless error. Even though the court in Tincher I stated that "[we] cannot view [the government's statement to the district court that it did not know of any additional Jencks material] as anything but deliberate misrepresentation," that ruling does not preclude the harmless error analysis described in Goldberg v. United States, 425 U.S. 94, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976). Clearly, violations of the Jencks Act may be subject to the harmless error rule. Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959). Furthermore, I have located no authority for a distinction in treatment between intentional and unintentional Jencks Act violations. I would hold that the harmless error analysis (or lack of prejudice analysis) must be made even when there is an intentional violation of the Jencks Act.
 
 
 14
 If the violation did not affect the outcome of the trial, the remedy should be something other than the striking of the testimony of the witness whose statement was withheld. The trial court found that defendants were not prejudiced by the withholding of the grand jury testimony since they had the benefit of the witness report upon which the grand jury testimony was based. Since the withholding of the grand jury testimony did not affect the outcome of the trial, I would affirm the convictions and remand with instructions for the trial court to treat the violation of the Jencks Act as a contempt under Fed.R.Cr.P. 42.
 
 
 
 *
 The Honorable James D. Todd, District Judge for the Western District of Tennessee, sitting by designation
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 18 U.S.C. § 3500
 
 
 [3]
 Goldberg v. United States, 425 U.S. 94 (1976)
 
 
 [4]
 18 U.S.C. § 3500(d) provides:
 (d) If the United States elects not to comply with an order of the court under subsection (b) or (c) hereof to deliver to the defendant any such statement, or such portion thereof as the court may direct, the court shall strike from the record the testimony of the witness, and the trial shall proceed unless the court in its discretion shall determine that the interests of justice require that a mistrial be declared.