**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Douglas DeFRANCO (91–4148); John Renforth (91–4165); Penny De-Franco (91–4153); and Raymond De-Franco, Sr. (91–4149), Defendants–Appellants.**

Nos. 91–4148, 91–4149, 91–4153 and 91–4165.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 9, 1992.

Decided July 15, 1994.

Rehearing Denied Aug. 15, 1994 in No. 91–4148.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 18, 1994 in No. 91–4165.

Bradley D. Barbin, Office of U.S. Atty., Columbus, OH (argued and briefed), for U.S.

David J. Graeff (argued), Gregg R. Lewis (briefed), Columbus, OH, for James Douglas DeFranco.

Gary W. Deeds, Columbus, OH (argued and briefed), for Raymond DeFranco, Sr.

Steven R. Keller, Columbus, OH (argued and briefed), for Penny DeFranco.

Steven M. Brown, Columbus, OH (argued and briefed), for John Renforth.

Before: BOGGS and SUHRHEINRICH, Circuit Judges; and WELLFORD, Senior Circuit Judge.

BOGGS, Circuit Judge.

Defendants were convicted of narcotics and weapons offenses. They appeal, making a variety of assignments of error. For the reasons given below, we affirm the district court on all matters except the complaint of James Douglas DeFranco that he was prejudiced by a violation of the Jencks Act. We reverse and remand for further proceedings on that matter alone.

I

On April 4, 1991, an 18–count indictment alleging narcotics and weapons violations was returned against James Douglas ("Doug") DeFranco; his wife, Penny DeFranco; Charles Francis; John Renforth; and Raymond DeFranco, Sr., Doug's father.

Doug DeFranco was charged in 11 counts. He was found not guilty on one travel count. He was found guilty of a lesser included offense on one possession count. He was found guilty on all the remaining counts: 1, 2, 3, 7, 8, 13, 14, 15, and 18. He was sentenced to 360 months' imprisonment on each of Counts 1 and 2, to run concurrently; 240 months concurrent on Counts 3 and 18; 60 months concurrent on each of Counts 7, 13, 14, 15; 36 months concurrent on Count 17; and 60 months consecutive on Count 8.

Raymond DeFranco, Sr. was charged in only two counts of the indictment, the general conspiracy count, Count 1, and a travel count, Count 6. He was found guilty of Count 1 and not of Count 6. He was sentenced to 66 months' imprisonment.

John Renforth was found guilty on Count 1, conspiracy, and Counts 17 and 18, possession with intent to distribute cocaine. He was sentenced to 63 months' imprisonment.

The jury by special interrogatory found Raymond, Sr. responsible for more than 500 grams but less than 5 kilograms of cocaine.

The jury also found Doug and Penny De-Franco responsible for more than 5 kilograms of cocaine.

## II

While the jury was deliberating, the defense discovered a violation of the Jencks Act, 18 U.S.C. § 3500, concerning the testimony of government witness Lonnie Culp. The Jencks Act requires the government to provide defendants with copies of certain reports and documents after the government witness has testified on direct examination. Copies of Culp's written statements were not provided to defense counsel after Culp testified at trial. Rather than declare a mistrial, the judge held a "harmless error" hearing to determine whether the government's failure to provide the material was prejudicial to the defense. During the course of the hearing, an additional Jencks Act violation involving government witness FBI Special Agent Laukert was discovered.

The government admitted during the hearing that the materials relating to Culp and Laukert were Jencks Act materials and should have been provided to defense counsel during trial. The government suggested one of two curative possibilities. First, jury deliberations could be halted to permit the witnesses in question to retake the stand and be subjected to cross-examination. The government also offered to let defense counsel make additional closing arguments to the jury regarding those two witnesses. The government's alternative suggestion was to have the testimony of each relevant witness stricken from the record. Defense counsel insisted on a mistrial.

■ The court ruled that the materials in question were clearly Jencks Act materials, but the government's failure to hand over the material did not result in "significant prejudice" to any of the defendants. Thus, it held that the Jencks Act violations were harmless. We review a district court's rulings on Jencks Act issues for abuse of discretion. *United States v. Azad,* 809 F.2d 291, 294 (6th Cir.1986), *cert. denied,* 481 U.S. 1004, 107 S.Ct. 1626, 95 L.Ed.2d 200 (1987).

■ If the government makes a conscious and knowing choice to withhold Jencks Act material, a district court must either strike the testimony of the witness whose statement was not released or grant a new trial. 18 U.S.C. § 3500(d). However, if the government's failure to turn over the Jencks Act material is inadvertent or merely negligent, the court may apply whatever remedy it deems just in the circumstances. *United States v. Pope,* 574 F.2d 320, 325 (6th Cir.), *cert. denied,* 436 U.S. 929, 98 S.Ct. 2828, 56 L.Ed.2d 774 (1978).

■ In this case, the failure to produce the material was inadvertent. The trial court specifically found the errors were inadvertent, determined that the errors were harmless, and denied a mistrial. Although the Supreme Court has approved "harmless error" hearings in some situations, *see Goldberg v. United States,* 425 U.S. 94, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976), the issue here is whether or not such a hearing is appropriate where the jury has already retired for deliberations.

In the case of *United States v. Tincher,* 907 F.2d 600 (6th Cir.1990) and a subsequent unpublished opinion in the same case, No. 90–4063 (September 10, 1991), we held that when the government has made deliberate misrepresentations to the trial court and refused to deliver Jencks Act material that it knew it had, harmless error analysis is not appropriate. On the other hand, where an inadvertent Jencks Act violation is discovered during trial, there is normally an opportunity to remedy the violation by means that do not disrupt the flow of the trial, to the possible disadvantage of defendants. In this case, however, the jury having already retired and commenced deliberations, it would seem harsh and inequitable to force the defense to acquiesce in the corrective measures suggested by the government. Where the necessity for a disruption of deliberations has been brought about by the government's error, even though inadvertent, the defense cannot be required to accept that measure of cure.

■ The government itself, however, offered a second curative possibility, having the testimony of the relevant witnesses stricken from the record. Since this was a measure

that the judge could have implemented without additional prejudice to the defense, it is the course that he should have followed. The "harmless error" analysis undertaken in this case, in which the evidence of the witnesses is taken at full value, and the only inquiry is as to the harmful effect of the inability to cross-examine, provides too little to the defense in compensation for the disadvantage imposed by the government's error. Rather, the judge should have stricken the testimony in its entirety, both from the jury's consideration and from his consideration of a motion for acquittal. As the defense did not countenance informing the jury to disregard the testimony, they may not now complain of the judge's failure to do so.

Although Renforth also argues the Jencks Act violations, the witnesses whose statements were withheld testified only as to Doug DeFranco's activities, and only as to matters pertinent to his general participation in the conspiracy. Thus, on remand, the district court will have before it only the question of Doug DeFranco's conviction on the conspiracy count. The court will need to determine whether, in the absence of the testimonies of Culp and Laukert, there is sufficient evidence to uphold the conviction of Doug DeFranco for conspiracy. In the event there is not sufficient evidence to support the verdict on that count, a judgment of acquittal should be entered.

### III

■ Raymond DeFranco, Sr. seeks reversal of his conspiracy conviction, claiming there was insufficient evidence for the jury to find that a conspiracy existed. The evidence on appeal must be viewed in the light most favorable to the government. *United States v. Connery,* 867 F.2d 929 (6th Cir.1989). If a reasonable mind might fairly conclude there was enough evidence to find guilt, the verdict must stand. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). Once the government proves that a conspiracy existed, the defendant's "connection to the conspiracy must be shown beyond a reasonable doubt, but the importance of the connection need not be great." *United States v. Betancourt,* 838 F.2d 168, 174 (6th Cir.), *cert.*

*denied,* 486 U.S. 1013, 108 S.Ct. 1748, 100 L.Ed.2d 210 (1988).

In this case, a large number of people testified that the defendants were involved in a cocaine conspiracy. Not only did Charles Francis, an indicted co-conspirator, testify, so too did various government agents, some of whom had worn recording or transmitting devices. More than ten witnesses testified to their purchases of cocaine. Included in those witnesses were Raymond DeFranco, Jr., and John Renforth's girlfriend, Bonnie Kirk. The jurors chose to disbelieve the defendants and to believe the evidence against them, as was their right. We hold that this evidence was sufficient to support DeFranco, Sr.'s conviction.

### IV

■ Doug DeFranco and Raymond De-Franco, Sr. also argue that it is unconstitutional for the trial court to consider whether they merit a sentencing decrease for acceptance of responsibility under USSG § 3E1.1 until after all appeals have been exhausted. They argue that if they acknowledge guilt, their right to appeal is chilled, and if they exercise their rights to trial and to appeal they are penalized because they cannot get the two-level reduction for acceptance of responsibility.

■ Denial of a downward adjustment is not a penalty, *United States v. Monsour,* 893 F.2d 126, 129 (6th Cir.1990); *United States v. Thomas,* 870 F.2d 174, 177 (5th Cir.1989), and contrition is an appropriate consideration in imposing sentence. *Monsour,* 893 F.2d. at 129. Since we considered and rejected a similar argument concerning the constitutionality of USSG § 3E1.1 in *Monsour,* the defendants' argument on this issue is without merit.

### V

■ Penny DeFranco claims two errors in the trial court's imposition of her sentence. First, she argues that her sentence should have been reduced because she played only a minor role in the conspiracy. A "minor participant" is "any participant who is less culpable than most other participants,

but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3). The decision as to whether to grant a minor role reduction is within the sound discretion of the trial court and is reviewed for clear error. *United States v. Phibbs*, 999 F.2d 1053, 1075 (6th Cir.1993), *cert. denied*, ——— U.S. ———, 114 S.Ct. 1070, 127 L.Ed.2d 389 (1994).

Trial testimony implicated Penny DeFranco in narcotics sales. Her house was used for storage and sale of narcotics and the trial court did not err in finding that she did not demonstrate that she had only a minor role, notwithstanding the fact that the government did not oppose a sentence reduction. In similar circumstances we have upheld the trial court's decision to deny a reduction for a minor role, *see, e.g., United States v. White*, 985 F.2d 271 (6th Cir.1993).

 Second, Penny DeFranco argues that the trial court erred in finding her responsible for five kilograms of cocaine. This, too, is reviewed for clear error. *United States v. Walton*, 908 F.2d 1289, 1300–01 (6th Cir.), *cert. denied*, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990).

 The amount of cocaine for which Penny DeFranco can be held responsible was supported by evidence adduced at trial. Several witnesses said that she had personally provided cocaine to them. She was aware of the actions of her husband and participated in the conspiracy. Furthermore, the determination of the amount was supported by a special jury verdict. While not binding, *United States v. Moreno*, 899 F.2d 465, 472 (6th Cir.1990), such a finding gives further confidence that the district court did not commit clear error.

In light of the evidence against Penny DeFranco that was presented at the trial, we cannot say that either sentencing decision was clearly erroneous.

## VI

 Raymond DeFranco, Sr. makes three assignments of error. First, he says that the trial judge should have granted him a 4–level sentence reduction for having only a minimal role. A minimal participant is a defendant who is "substantially less culpable than the average participant." USSG § 3B1.2, comment. (backg'd.). We review for clear error, and find none. Evidence at trial showed that DeFranco, Sr. knew, from a variety of sources, that cocaine was obtained from sources in Florida and sent back to Ohio, and that DeFranco, Sr. had made some of the trips to get cocaine. This evidence is ample to deny a reduction for a minimal role. *See United States v. Hodges*, 935 F.2d 766 (6th Cir.), *cert. denied*, ——— U.S. ———, 112 S.Ct. 317, 116 L.Ed.2d 259 (1991); USSG § 3B1.2(a), comment. (n.1). The trial judge granted him a minor role reduction and the refusal to reduce his sentence further is not clearly erroneous.

 Second, DeFranco, Sr. contends that he is indigent, and it was therefore inappropriate for the district judge to impose a $10,000 fine, even though the Guideline fine range was $12,000 to $2,000,000. The trial judge departed downward because he understood that DeFranco might not be able to pay more. But the record shows that DeFranco, Sr. either has purchased or held a variety of assets. In short, DeFranco, Sr. did not support his claim of indigence.

 Third, DeFranco, Sr. claims the district judge erred when he refused to allow him to sever his trial from that of his co-conspirators. He argues that it was too confusing for the jury to be faced with Raymond, Jr. as a government witness, and Raymond, Sr. and Doug DeFranco as defendants. Instances in which reference was made to "Ray" placed defense counsel in the awkward position of antagonizing the jury by constantly objecting so that testimony could be clarified, or of allowing the error and risking prejudice to his client.

 We review the trial court's decision for an abuse of discretion. *United States v. Zalman*, 870 F.2d 1047, 1053 (6th Cir.), *cert. denied*, 492 U.S. 921, 109 S.Ct. 3248, 106 L.Ed.2d 594 (1989). The fact that a defendant may have a better chance at acquittal if his trial were severed does not require the judge to grant his motion: the defendant must show "substantial," "undue,"

or "compelling" prejudice. *United States v. Warner*, 971 F.2d 1189, 1195 (6th Cir.1992). The government acknowledged that there were instances in the trial in which a witness was unclear concerning which of the DeFrancos was at issue. However, objections were duly noted, and the testimony was clarified. DeFranco, Sr. has made no showing that there was sufficient likelihood of prejudice that the trial judge was required to order separate trials, nor has he shown actual prejudice such that we should reverse the trial court's decision.

### VII

For the foregoing reasons, we **REMAND** this case to the district court for consideration of the sufficiency of the evidence in James Douglas DeFranco's conspiracy conviction. We **AFFIRM** the convictions in every other respect.