67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Wayne WINN, Defendant-Appellant.
 No. 94-2052.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1995.
 
 Before: KENNEDY, WELLFORD, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Jerry Wayne Winn appeals the sentence imposed as a result of his guilty plea to one count of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. Secs. 846 and 841. For the reasons stated herein, we affirm.
 
 I.
 
 2
 Defendant Jerry Wayne Winn and six other defendants were indicted on charges of conspiracy to distribute marijuana and possessing with intent to distribute in excess of 1000 kilograms of marijuana. Pursuant to a plea agreement, Winn pled guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. Secs. 846 and 841.
 
 
 3
 The underlying conspiracy lasted from 1992 until February 24, 1994. Winn's involvement in the conspiracy began on February 19, 1994, when he was contacted by a member of the conspiracy about unloading a 3058 pound[1] shipment of marijuana transported by truck. For his assistance, Winn was to be allowed to purchase 300 pounds of marijuana from the load. On February 20, 1994, Winn and several others were arrested while attempting to unload the marijuana.
 
 
 4
 In sentencing Winn, the court granted the United States' motion for a downward departure under USSG Sec. 5K1.1 and sentenced Winn to ninety-seven months' imprisonment, followed by five years' supervised release. For sentencing purposes, the court determined that Winn's relevant conduct involved more than 1000 kilograms of marijuana, a base offense level of 32, and a criminal history category of II. Winn sought but did not obtain a reduced base offense level, arguing that his participation in the offense of conviction was minor. The 32 base level was reduced, however, by two points for acceptance of responsibility under USSG Sec. 3E1.1(a), and one point for assistance to authorities under Sec. 3E1.1(b). The guideline range for an offense level of 29 and criminal history category of II is 97 to 121 months. But for Winn's cooperation, he would have been subject to a ten-year mandatory minimum sentence. Thus, the downward departure was a reduction below the mandatory minimum.
 
 II.
 
 5
 The amount of drugs involved for sentencing purposes need only be proved by a preponderance of the evidence. United States v. Moreno, 899 F.2d 465, 473 (6th Cir.1990). The district court's factual finding regarding the amount of drugs will not be disturbed on appeal unless clearly erroneous. United States v. Walton, 908 F.2d 1289, 1301 (6th Cir.), cert. denied, 498 U.S. 990 (1990). Winn does not dispute that the total amount of the shipment exceeded 1000 kilograms. Rather, he argues that his involvement was limited only to the amount he was "specifically involved in as a matter of transaction."
 
 
 6
 Winn, citing United States v. Medina, 992 F.2d 573 (6th Cir.1993), cert. denied, 114 S.Ct. 1049 (1994), and United States v. Gilliam, 987 F.2d 1009 (4th Cir.1993), argues that he should only be held accountable for the 300 pounds of marijuana he was to receive in consideration for his role in the conspiracy, not the entire amount of marijuana distributed by the conspiracy. Those cases held that, rather than attribute the entire amount of drugs distributed during the life of the conspiracy to all co-defendants, each defendant may be held responsible only for the amount of drugs with which he was involved and drug amounts attributable to coconspirators whose conduct was " 'reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake.' " Gilliam, 987 F.2d at 1013 (quoting USSG Sec. 1B1.3, comment. (n. 1)).
 
 
 7
 This is not a case, however, of attributing the entire amount of drugs distributed during the life of the conspiracy to a single defendant who was not involved in a portion of that distribution. The 3,058 pound amount was not determined by aggregating more than one shipment made during the course of the conspiracy; it was based on the one shipment with which Winn was involved. Moreover, Winn was not merely involved with 300 pounds of the shipment; he was involved in site selection, equipment arrangement, and management of the unloading of the entire shipment. The court's attribution of more than 1000 kilograms to Winn was not clearly erroneous. United States v. Cochran, 14 F.3d 1128, 1132 (6th Cir.1994).
 
 
 8
 The district court's refusal to apply a downward adjustment under USSG 3B1.2(a) for minimal participation was based on a factual finding that Winn was more than a minor participant and is, therefore, subject to review only for clear error.[2] United States v. DeFranco, 30 F.3d 664, 669 (6th Cir.), cert. denied, 115 S.Ct. 349 (1994). The record supports a finding that Winn did more than simply offload part of a single marijuana shipment. Winn was more than a mere worker hired to unload the marijuana. He made arrangements for the location, equipment, and hi-lo driver, and entered into a deal to receive, as consideration for his participation, 300 pounds of marijuana with an alleged street value of over $300,000. The court's determination that he was not a minimal participant was not erroneous.
 
 
 9
 Winn argues that the three-level "departure" granted by the court was insufficient. This argument is without merit. Just a district court's refusal to depart downward from a sentence within the properly computed guideline range is not appealable, United States v. Pickett, 941 F.2d 411, 417-418 (6th Cir.1991), the extent of a downward departure granted under USSG Sec. 5K1.1 is not subject to review on appeal by the defendant,[3] absent an allegation of unconstitutionality or a specific legal error in sentencing. See United States v. Gregory, 932 F.2d 1167, 1168-69 (6th Cir.1991).
 
 
 10
 Winn's pro se arguments must fail. Most of these claims are not reviewable on appeal, as they were not properly raised in the district court. See United States v. French, 974 F.2d 687, 697 (6th Cir.1992) (objections to sentence not raised at district court are waived on appeal unless failure to review results in manifest injustice), cert. denied, 113 S.Ct. 1012 (1993). Moreover, even if these claims were reviewable, they are without merit. His allegations that he was not competent to plead guilty, that he did not understand his plea, and that the district court should have held a competency hearing and explained "additional consequences" of a guilty plea are totally unsupported by the record. Similarly, the record provides no indication that the court relied on "disputed inaccuracies" in the PSI report; Winn affirmatively accepted the PSI report as accurate, challenging only the calculations therein. His assertion that the district court vindictively attributed over 1,000 kilograms of marijuana to him is, for reasons stated above, also without merit. Winn's contention that the district court departed upward in sentencing is factually inaccurate, and, construed liberally, is at most an attempt to challenge the criminal history category used, an argument also addressed above and determined to be without merit.
 
 
 11
 Finally, Winn's argument that he was denied effective assistance of counsel is not reviewable, as a defendant may not raise an ineffective assistance of counsel claim for the first time on direct appeal, particularly where, as here, there has been no opportunity to develop and include in the record evidence regarding the ineffective assistance allegations. United States v. August, 984 F.2d 705, 711 (6th Cir.1992), cert. denied, 114 S.Ct. 158 (1993).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 3058 pounds of marijuana is roughly 1390 kilograms
 
 
 [2]
 Winn argues that the court found that his activity was limited to simply offloading a single shipment of marijuana as described in USSG 3B1.2(a), n. 2, and, therefore, the court's error lies in the legal conclusion that, despite this finding, Winn was not a minimal participant. We disagree. The factual finding was that Winn did more than simply offload the shipment
 
 
 [3]
 Winn also alleges that the court used the wrong criminal history category, but he fails to develop this argument, or explain how this contention affects the reviewability of the court's decision to depart downward only three levels. His entire argument regarding the criminal history category seems to be that although he "technically falls within criminal history Category II, the basis for the two point assessment [a drunk driving conviction] is relatively insignificant." We reject this argument