70 F.3d 116
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wesley GAUSE, Defendant-Appellant.
 No. 95-5510.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1995.
 
 Before: LIVELY, MILBURN, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Wesley Gause appeals his sentence for unlawfully possessing with intent to distribute approximately 40 grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, the issue is whether the district court erred in denying defendant a two-level downward departure under United States Sentencing Guideline ("U.S.S.G.") Sec. 3B1.2(b) based on his claim that he was only a minor participant in the criminal activity. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 On August 17, 1993, officers with the Organized Crime Unit of the Memphis Police Department were conducting an undercover drug detail in the area of Dwight and Derby Streets in Memphis, Tennessee. During a drug transaction, one subject began to run and was chased by an officer. Another officer was detaining three subjects when shots came from where two males were standing in front of a residence. The officers returned the fire, and the two subjects fled behind the house. A short time later, police arrested Derrick Kuykendall, a juvenile, and recovered a .38 caliber pistol. They also arrested defendant Gause, and he gave police his consent to a search of his residence at 2707 Dwight.
 
 
 3
 Inside the bedroom of defendant's residence, officers found approximately 40 grams of cocaine base and 10 grams of cocaine powder. Defendant gave police a statement at the time of his arrest that he was holding the crack cocaine for another person and that he was being paid to hold the drugs.
 
 B.
 
 4
 On September 9, 1993, the federal grand jury for the Western District of Tennessee indicted defendant in a two-count indictment charging him under 21 U.S.C. Sec. 841(a)(1) with unlawfully possessing with intent to distribute approximately 40 grams of cocaine base in count one and with unlawfully possessing with intent to distribute approximately ten grams of cocaine in count two. On December 21, 1993, defendant plead guilty to count one of the indictment.
 
 
 5
 At his sentencing hearing, defendant filed a position paper asserting that he should receive a two-level downward departure under U.S.S.G. Sec. 3B1.2(b) for his minor role in the criminal activity. The district court denied defendant's request for a mitigating role departure and, on January 6, 1995, sentenced defendant to 70 months of imprisonment to be followed by a four-year period of supervised release. This timely appeal followed.
 
 II.
 
 6
 Defendant argues that the district court erred in denying his request for a two-level downward departure under U.S.S.G. Sec. 3B1.2(b). We review a district court's decision regarding whether to grant a defendant a role reduction for clear error. United States v. Blandford, 33 F.3d 685, 710 (6th Cir.1994), cert. denied, 115 S.Ct. 1821 (1995); United States v. DeFranco, 30 F.3d 664, 669 (6th Cir.), cert. denied, 115 S.Ct. 349 (1994). In addition, we recognize that it is the defendant's burden to establish his entitlement to a downward adjustment by a preponderance of the evidence. United States v. Moss, 9 F.3d 543, 554 (6th Cir.1993); United States v. White, 985 F.2d 271, 274 (6th Cir.1993).
 
 
 7
 Sentencing Guideline Sec. 3B1.2(b) allows a minor participant reduction when a party is "less culpable than most other participants." Such a culpability determination is " 'heavily dependent upon the facts.' " United States v. Nagi, 947 F.2d 211, 215 (6th Cir.1991) (quoting United States v. Perry, 908 F.2d 56, 58 (6th Cir.) (citations omitted), cert. denied, 498 U.S. 1002 (1990)), cert. denied, 504 U.S. 958 (1992). At the sentencing hearing, defendant testified that his only involvement with the drugs was to hold them for another individual in return for drugs. The government confirmed that "Mr. Gause told [police at the time of his arrest] ... that he was given the crack by a friend of his. That he was holding this crack for this individual who was going to pay him and he was holding it for that person." J.A. 30.
 
 
 8
 The district court considered both defendant's testimony and the government's basis in fact and concluded that defendant had not proved by a preponderance of the evidence that his role was minor. The district court stated:
 
 
 9
 It may well be that there was some individual involved for whom the defendant was merely holding these drugs. The proof in this case is somewhat weak and without having defendant's statement, that was the case. I do not have any indication about the overall picture of how this deal came about, how it was handled, other than he says he was doing it to get money to buy crack. I am not convinced that the defendant has been shown to be less culpable than the person for whom he was holding the drugs, if in fact he was holding them for somebody else. I reject the objection of the defendant to this particular point.
 
 
 10
 J.A. 34-35.
 
 
 11
 We conclude that the district court's finding that defendant was not less culpable than the person for whom he was holding the drugs was not clearly erroneous for several reasons. First, the drugs were in defendant's possession at the time they were seized and were available for distribution at any time. Second, the district court qualified its ruling by stating "if in fact he was holding [the drugs] for somebody else." J.A. 35. This statement suggests that the court may not have believed the defendant's description regarding his role in the enterprise.
 
 
 12
 Furthermore, the primary case that defendant cites to support his assertion is clearly distinguishable. Defendant relies on United States v. Brown, 29 F.3d 953 (5th Cir.), cert. denied, 115 S.Ct. 587 (1994), a case in which the government challenged the district court's downward departure in sentencing a woman who distributed travel money to drivers in a cocaine smuggling operation and was a passenger in one of the smuggling vehicles. The Fifth Circuit held that the district court's determination that this participation was minor was not clearly erroneous. Id. at 960. In Brown, however, the defendant's conviction was for conspiracy to possess with intent to distribute cocaine, while in this case the charge was possession of cocaine for intended distribution. In addition, the other cases that defendant cites are factually distinguishable and unpersuasive. We therefore conclude that the district court's refusal to grant defendant a downward departure for minor participation was not clearly erroneous.
 
 III.
 
 13
 For the reasons stated, the judgment of the district court is AFFIRMED.